FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Nov 09, 2020

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| KELLY E. SMALL,<br><br>                    Petitioner,<br><br>          v.<br><br>JAMES KEY,<br><br>                    Respondent. | No.    2:20-cv-00043-SMJ<br><br>**ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS** |

Before the Court is Petitioner Kelly E. Small's Second Amended Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody, ECF No. 11. Relevant here, a jury convicted Small of one count of aggravated murder in the first degree, one count of rape in the first degree, and one count of burglary in the first degree with sexual motivation. Small presents four grounds for habeas corpus relief: (1) insufficient evidence to support conviction of first degree rape, (2) insufficient evidence to support conviction of premeditated murder, (3) discovery violation, and (4) cumulative error. Having reviewed the petition and the state court record, the Court finds Small's habeas petition is premature, because the sentencing court has not yet issued an amended judgment in accordance with the

state court of appeals' ruling. As a result, the Court dismisses Small's petition without an evidentiary hearing.

## BACKGROUND

**A.    Small's Conviction**

In summer 2012, a jury convicted Small of one count of first degree rape, one count of burglary with sexual motivation, and one count of forgery, based on a crime that occurred in 2006. ECF No. 15-1 at 2. The Okanogan County Superior Court sentenced him to a total of 380 months to life ("First Conviction and Sentence"). ECF No. 15-1 at 6. Small does not challenge this sentence in his habeas petition. *See* ECF No. 11.

In early fall 2012, a jury convicted Small of one count of first degree aggravated murder, one count of first degree rape, and one count of first degree burglary with sexual motivation, based on a crime that occurred in 1998. ECF No. 15-1 at 38. The Okanogan County Superior Court sentenced Small to a consecutive mandatory life sentence without the possibility of parole ("Second Conviction and Sentence").  ECF No. 15-1 at 42. Small challenges this conviction and sentence in his petition.

**B.    Direct Appeal**

Small timely appealed his Second Conviction and Sentence to the Washington State Court of Appeals on six grounds:

ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS – 2

1. The exercise of peremptory challenges silently by writing violated Mr. Small's constitutional right to a public trial.
2. The evidence was insufficient to support the conviction for first degree murder—premeditated.
3. The evidence was insufficient to support the conviction for first degree rape.
4. The trial court erred in imposing a sexual motivation enhancement on the first degree burglary conviction.
5. The record does not support the implied finding Mr. Small has the current or future ability to pay the imposed legal financial obligations
6. The court erred by imposing discretionary costs.

ECF No. 15-1 at 60. The Washington Court of Appeals affirmed Small's convictions but remanded on the fourth issue. Because Wash. Rev. Code 9.94A.533(8)(a) only applies to offenses committed after July 1, 2006, the sentencing court should not have applied the 24-month sexual motivation enhancement to his burglary count, which arose from a 1998 crime. *Id.* at 190–91. The Court of Appeals noted that "little purpose is served in modifying the smallest concurrent sentence" but "it is erroneous and must be fixed since the judgment would otherwise be facially invalid." *Id.* at 191. The sentencing court has not yet issued an amended judgment. *See id.* at 408, 424–426.

Small then petitioned for review of his Second Conviction and Sentence in the Washington State Supreme Court, raising two grounds. He challenged his rape conviction as violating his Fourteenth Amendment and Washington Constitution right to due process because the State presented insufficient evidence of sexual

ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS – 3

1    intercourse, and his first degree murder conviction under the same provisions

2    because the State presented insufficient evidence of premeditation. *Id.* at 195. The

3    supreme court summarily dismissed his petition. *Id.* at 252.

4    **C.    Personal Restraint Petition**

5        Small then filed a personal restraint petition (PRP) in the Washington State

6    Court of Appeals. ECF No. 15-1 at 256. He raised five grounds for relief: (1) the

7    trial court judge erred in not recusing himself; (2) the prosecutor withheld a 2007

8    retest crime lab report in violation of Brady; (3) insufficient evidence; (4)

9    prosecutor misconduct; and (5) cumulative error. *Id.* at 257. The Washington State

10   Court of Appeals dismissed Small's PRP. *Id.* at 403. Small did not appeal to the

11   Washington State Supreme Court. The Washington State Court of Appeals issued

12   its certificate of finality as to the PRP. *Id.* at 405.

13                              **LEGAL STANDARD**

14       "An application for a writ of habeas corpus on behalf of a person in custody

15   pursuant to the judgment of a State court shall not be granted unless it appears that

16   . . . the applicant has exhausted the remedies available in the courts of the State."

17   28 U.S.C. § 2254(b)(1)(A). The exhaustion requirement "is designed to give the

18   state courts a full and fair opportunity to resolve federal constitutional claims before

19   those claims are presented to the federal courts," and, therefore, requires "state

20   prisoners [to] give the state courts one full opportunity to resolve any constitutional

ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS – 4

issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) (establishing that exhaustion requires presenting each claim to the state's highest court).

## DISCUSSION

### A.    Small's Petition is Premature

Small has not exhausted his remedies. The Washington State Court of Appeals remanded Small's case to Okanogan Superior Court, directing it to issue an amended judgment because it should not have applied a sexual motivation enhancement to Small's sentence. The court of appeals noted that "little purpose is served in modifying the smallest concurrent sentence imposed in this case, it is erroneous and must be fixed since the judgment would otherwise be facially invalid." ECF No. 15-1 at 191. It remanded "for the trial court to either conduct a new sentencing proceeding on the burglary count or enter an agreed order correcting the standard range and imposing a new term within that range." *Id.* The superior court has not yet entered an amended judgment. *See id.* at 408, 424–426.

The procedural history in this case parallels that in *United States v. LaFromboise*, 427 F.3d 680 (9th Cir. 2005). There, a jury in federal district court convicted LaFromboise to five counts related to his involvement in a narcotics trafficking scheme. *Id.* at 681.  He appealed his conviction to the Ninth Circuit, which vacated his conviction on three of his charges. *Id.* at 682. The Ninth Circuit

ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS – 5

remanded those charges for a retrial, but the government eventually dismissed them. *Id.* But the district court did not conduct a new sentencing hearing or enter an amended judgment. *Id.* LaFramboise brought a § 2255 petition for habeas relief, which the government argued was untimely because it was brought more than a year after the time to appeal the Ninth Circuit's decision (which remanded the case to the district court) to the Supreme Court expired. *Id.* The Ninth Circuit held that "[u]ntil the district court enters an amended judgment or conviction, LaFromboise's § 2255 motion is in fact premature, rather than untimely." *Id.* at 686. Key to the court's decision was the availability of appeal. *Id.* at 684; *see also United States v. Colvin*, 204 F.3d 1221 (9th Cir. 2000) (reasoning that judgment of conviction did not become final until the time for appealing the amended judgment had passed because "the key inquiry" was appealability and a bright line rule clarifies the issue of finality).

Although LaFromboise concerned a conviction in federal court and a § 2255 petition for habeas relief, and Small's conviction arose in state court and he presents a § 2254 petition for relief, the underlying analysis applies. *Compare id.* at 682 *with* ECF No. 11. Until the superior court resentences Small on the burglary count, enters an agreed order, or enters an amended judgment and Small's opportunity for appeal of that action, if any, has passed, this habeas motion is premature under *LaFromboise*. *See also In re Pers. Restraint of Skylstad*, 162 P.3d 413, 416 (Wash.

2007) (court of appeals mandate was not a final judgment when "more needed to be done than simply executing the judgment"); *State v. Harrison*, 61 P.3d 1104, 1110 (Wash. 2003) ("finality was destroyed" where the case was remanded for resentencing). Even though the court of appeals only remanded on the burglary count, the judgment is not yet final as to any count until after the resentencing. *See LaFramboise*, 427 F.3d at 684–685.

A federal court cannot consider a petition for habeas relief under § 2254 until the underlying judgment becomes final. *See* 28 U.S.C. §§ 2244(d), 2254. Small has not given "the state courts one full opportunity to resolve any constitutional issues by invoking one *complete* round of the State's established appellate review process." *See O'Sullivan*, 526 U.S. at 845 (emphasis added). The Court thus need not reach the merits of Small's claims.

## B.    No certificate of appealability shall issue

An unsuccessful habeas petitioner may appeal the district court's adverse ruling only after obtaining a "certificate of appealability" from a district or circuit judge. 28 U.S.C. § 2253(c)(1)(B). A certificate of appealability should issue only when the petitioner "has made a substantial showing of the denial of a constitutional right." *Id.* at § 2253(c)(2). Such a showing is made when the Court determines "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were

'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 475 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 894 (1983)). The Court finds Small has not made such a showing and thus no certificate of appealability shall issue.

## CONCLUSION

Small prematurely petitioned for habeas relief. He is therefore entitled no relief, and the Court dismisses the petition. The Court also cannot find that reasonable jurists could debate the merits of Small's claims on habeas review, and thus no certificate of appealability shall issue.

Accordingly, **IT IS HEREBY ORDERED**:

1.    Petitioner Kelly E. Small's Second Amended Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody, **ECF No. 11**, is **DISMISSED**.

2.    No certificate of appealability shall issue because the Court finds Small has not made a substantial showing of the denial of a constitutional right.

//

//

//

//

**3.**    The Clerk's Office is directed to **CLOSE** this file.

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and provide copies to all counsel and Petitioner.

**DATED** this 9th day of November 2020.

_____
SALVADOR MENDOZA, JR.
United States District Judge

ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS – 9